UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FREDERICK DIAZ,

          Plaintiff,         22-CV-6559 (CJS)

vs

JAMES F. DONAHUE,
Superintendent, et al.,           DECISION and ORDER

            Defendant.

_____

## INTRODUCTION

This is an action by Frederick Diaz ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), asserting claim under Section 1983.  Now before the Court is Plaintiff's motion (ECF Nos. 43-44) for preliminary injunctive relief and a stay of this action.  The application is denied.

## BACKGROUND

Plaintiff commenced this action alleging that during his confinement at the Elmira Correctional Facility ("Elmira"), Defendants retaliated against him in violation of the First Amendment for his possession of a prison employee roster; subjected him to cruel and unusual punishment in violation of the Eighth Amendment by causing psychological pain and searching his cell; and violated his Fourteenth Amendment procedural due process rights by temporarily confiscating his personal property, confining him in the Special Housing Unit ("SHU"), and revoking his law library job.  The Court allowed Plaintiff's retaliation claim to proceed to service against Defendants Henry, Yehl, Keller, Carroll and Donahue, and dismissed Plaintiff's remaining claims with leave to amend.  (ECF No. 5).  Plaintiff never filed

an amended pleading, and consequently the only claim going forward is the retaliation claim. Issue was joined in late 2023, and on March 20, 2024, the Honorable Marian W. Payson, United States Magistrate Judge, issued a Scheduling Order, ECF No. 38.  On June 14, 2024, Defendants notice a deposition of Plaintiff, to occur on July 8, 2024.

On July 1, 2024, Plaintiff, who is now confined at Five Points Correctional Facility ("Five Points"), filed the subject motion for preliminary injunctive relief and for a stay of the action.   The application, consisting of ten handwritten pages, essentially alleges that employees at Five Points have mistreated him in various ways, such as by assaulting him during a cell extraction; denying him medical treatment; and requiring him to share a cell with another inmate.   Plaintiff alleges that the injuries he sustained during the assault by corrections staff makes it difficult for him to concentrate.   Plaintiff also contends that Five Points staff lost or misplaced his typewriter when he was moved to a different cell.  For these reasons, Plaintiff contends that he is entitled to an injunction, prohibiting DOCCS "from ever being sen[ding him] back to general population"; requiring DOCCS to dismiss all disciplinary charges pending against him; requiring DOCCS to  transfer him to Sing Sing Correctional Facility "or a more suitable facility;" and requiring staff at Five Points to return his typewriter. Plaintiff also asks the Court to stay this action indefinitely, since he claims to be unable to "relax or concentrate upon any task for more than a brief period of time."

DISCUSSION

As a preliminary matter, since Plaintiff is proceeding *pro se*, the Court construes his papers liberally to raise the strongest arguments they suggest.   Nevertheless, for the reasons discussed below, even construing Plaintiff's papers liberally, he is not entitled to the relief he seeks.

In that regard, the standard to be applied when considering an application for preliminary injunctive relief is well settled:

A party seeking a preliminary injunction ordinarily must show: (1) a likelihood of irreparable harm in the absence of the injunction;[1] and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor. When the movant seeks a 'mandatory' injunction-that is, as in this case, an injunction that will alter rather than maintain the status quo-[he] must meet the more rigorous standard of demonstrating a 'clear' or 'substantial' likelihood of success on the merits.

*Doninger v. Niehoff*, 527 F.3d 41,47 (2d Cir.2008) (citations omitted).  Moreover, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00–CV–0912E(SR), 2006 WL 618576 at *3 (W.D.N.Y. Mar.10, 2006) (citation omitted); *accord, Taylor v. Rowland*, No. 3:02CV229(DJS)(TPS), 2004 WL 231453 at *2–3 (D.Conn. Feb. 2, 2004).  A district court may deny a motion for preliminary injunctive relief without a hearing, and its decision to do so is reviewed for an abuse of discretion. *Wall v. Construction & Gen. Laborer's Union*, No. 036091, 80 Fed.Appx. 714, 2003 WL 22717669 at *1 (2d Cir. Nov.17, 2003).

Applying these principles here, it is clear that Plaintiff is not entitled to injunctive relief in this action, since the matters about which he complains in his motion have no connection to the claims or parties in this action. *See, e.g., Bradshaw v. Annucci*, No. 923CV0602MADML, 2024 WL 1765524, at *7 (N.D.N.Y. Apr. 24, 2024) ("[N]one of the officials involved in this alleged wrongdoing are parties to this action, and plaintiff's underlying claims in this case bear no relationship to the alleged isolated incidents of harm involving

---

[1] Violation of a constitutional right is considered "irreparable harm." *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir.1996) ("The district court ... properly relied on the presumption of irreparable injury that flows from a violation of constitutional rights."); *see also, Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir.1998) ("In the context of a motion for a preliminary injunction, violations of First Amendment rights are commonly considered irreparable injuries.") (citation and internal quotation marks omitted).

these officials. Thus, this alleged wrongdoing cannot provide a basis for a preliminary injunction in this lawsuit.") (collecting cases).

The application for injunctive relief also lacks merit in other respects.  For example, the Court would not order DOCCS to transfer Plaintiff to a different facility, to place him in a single-bunk cell, or to dismiss the disciplinary charges against him, since those types of decisions fall outside the Court's purview. *See, e.g., Bradshaw v. Marshal*, No. 921CV0826MADCFH, 2023 WL 8642203, at *4 (N.D.N.Y. Dec. 14, 2023) ("[I]nsofar as plaintiff seeks an order directing his transfer to another facility, as he has been advised numerous times, it is DOCCS, and not this Court, that determines where plaintiff will be housed during his period of incarceration. *See Meachum*, 427 U.S. at 229; *Olim v. Wakinekona*, 461 U.S. 238, 248-49 (1983) (stating that inmates have no right to be confined in a particular state or particular prison within a given state); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976) (holding that New York state prisoners have no right to incarceration at a particular prison facility). It is well-established that DOCCS has "broad leeway in deciding where to house the inmates under its protective care." *McFadden v. Solfaro*, Nos. 95-CV-1148, 95-CV-3790, 1998 WL 199923, at *10 (S.D.N.Y. Apr. 23, 1998); *see also, Gantt v. Lape*, No. 9:10-CV-0083 GTS/TWD, 2012 WL 4033729, at *3 (N.D.N.Y. July 31, 2012) ("The law is clear that an inmate does not have a right to be confined to the prison of his own choosing or to a particular type of housing.") (citations omitted), *report and recommendation adopted sub nom. Gantt v. Mielenz*, No. 9:10-CV-0083 GTS/TWD, 2012 WL 4033723 (N.D.N.Y. Sept. 12, 2012).  Additionally, Plaintiff has not shown that the loss of his typewriter will result in irreparable harm.

Plaintiff also has not shown good cause for the Court to stay this action.  Plaintiff's bald assertion that he is unable to concentrate is unpersuasive and disproved by the fact that he was able to draft the subject application.  Similarly, Plaintiff's preparation of the subject

motion demonstrates his ability to communicate legibly and clearly in his own handwriting and disproves his suggestion that he cannot prosecute this lawsuit without a typewriter.

CONCLUSION

For the reasons just discussed, Plaintiff's application (ECF Nos. 43-44) for preliminary injunctive relief and for a stay of this action is denied.

IT IS SO ORDERED.

DATED:      July  15, 2024
                 Rochester, New York

CHARLES J. SIRAGUSA
United States District Judge