UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FREDERICK DIAZ,

                Plaintiff,

v.

JAMES F. DONAHUE, *Superintendent, et al.*,

                Defendants.
_____

**DECISION AND ORDER**

22-CV-6559 CJS CDH

## INTRODUCTION

Plaintiff Frederick Diaz ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision, has asserted a claim of First Amendment retaliation under 42 U.S.C. § 1983 against defendants Scott B. Henry, Christopher Yehl, Gregory A. Keller, Timothy J. Carroll, and James F. Donahue (collectively "Defendants"). (Dkt. 1 at ¶¶ 4-16; Dkt. 5 at 1, 7-13; Dkt. 7 at 1). Plaintiff has filed a motion to compel interrogatory responses pursuant to Federal Rule of Civil Procedure 37. (Dkt. 49). For the reasons that follow, Plaintiff's motion to compel is granted in part and denied in part.

## BACKGROUND

After Plaintiff commenced the instant action, United States District Judge Charles J. Siragusa screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(e). (Dkt. 5; Dkt. 7). Plaintiff was permitted to proceed to service on a claim that Defendants violated the First Amendment by retaliating against him for filing prison grievances. (Dkt. 5 at 7-13; Dkt. 7 at 1). Plaintiff alleges that Defendants retaliated

against him by unnecessarily searching his cell, destroying his property, placing him in a mental health observation unit, issuing a Tier III misbehavior report against him, sentencing him to 30 days in keeplock, removing him from his job in the law library, and transferring him from Elmira Correctional Facility ("Elmira") to Green Haven Correctional Facility ("Green Haven"). (Dkt. 5 at 7). All Plaintiff's other claims were dismissed with prejudice. (*Id.* at 21).

Judge Siragusa referred the matter to Magistrate Judge Marian W. Payson for all pretrial matters, excluding dispositive motions. (Dkt. 19). Judge Payson entered a Scheduling Order pursuant to which fact discovery closed on September 30, 2024, and motions to compel were due that same day. (Dkt. 38).

On July 15, 2024, Plaintiff served two sets of interrogatories on Defendants (the "July 2024 Interrogatories"). (Dkt. 49 at 5-8). On August 26, 2024, Plaintiff served two additional sets of interrogatories on Defendants (the "August 2024 Interrogatories"). (*Id.* at 10-11). Also on August 26, 2024, Plaintiff sent Defendants' counsel a letter regarding Defendants' lack of response to the July 2024 Interrogatories. (*Id.* at 13).

On September 30, 2024, Plaintiff filed the instant motion, seeking an order compelling Defendants to answer his interrogatories and for monetary sanctions of $500 because Defendants "ha[d] willfully refused to comply with discovery in a timely manner. . . ." (*Id.* at 3, *see* Dkt. 57 at 1). Judge Payson entered a Scheduling Order on Plaintiff's motion, setting a response deadline of October 18, 2024. (Dkt. 50). Defendants did not file a response to Plaintiff's motion. However, on November 25,

2024, they filed and served on Plaintiff responses to his interrogatories. (Dkt. 56). Plaintiff filed a reply in which he argues that Defendants' interrogatory responses are "completely inadequate as they [are] evasive and incomplete." (Dkt. 57 at ¶ 4).

On January 7, 2025, the referral of this matter was reassigned to the undersigned. (Dkt. 58).

## DISCUSSION

### I. Legal Standard on Motions to Compel

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Consistent with the text of Rule 26, "[d]iscovery in federal court is broad and permissive." *In re Air Crash Near Clarence Ctr., N.Y. on Feb. 21, 2009*, 277 F.R.D. 251, 253 (W.D.N.Y. 2011). "A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014).

After engaging in a good-faith effort to meet and confer and upon notice to all parties, "a party may move for an order compelling disclosure or discovery" under Federal Rule of Civil Procedure 37. Fed. R. Civ. P. 37(a)(1). "Motions to compel made pursuant to Rule 37 are 'entrusted to the sound discretion of the district court.'" *Harris v. Bronx Parent Hous. Network, Inc.*, No. 18-CV-11681 GBDSN, 2020 WL

763740, at *1 (S.D.N.Y. Feb. 14, 2020) (quoting *U.S. v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)).

## II.     Compliance with Rule 37(a)(1)

Pursuant to Rule 37(a)(1), a motion to compel discovery must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to make discovery. Fed. R. Civ. P. 37(a)(1). Here, Plaintiff has attempted to comply with this requirement by submitting an affirmation in which he states that he sent a letter on August 26, 2024, in which he advised defense counsel that "it had been over a month and Plaintiff still had not received any answers to his interrogatories." (Dkt. 49 at 2). Plaintiff has submitted a copy of his August 26, 2024 letter, which states that "although [Plaintiff] sent [defense counsel] all the grievances and other paperwork [defense counsel] [had] asked for, . . . it has been over a month now and [Plaintiff] still [has] not received any answers to [his] interrogatories." (*Id.* at 13). Plaintiff further asked defense counsel to "please let him know about this." (*Id.*).

"[C]ourts have discretion in determining a moving party's compliance with Rule 37(a)(1) and generally accord some leeway to *pro se* prisoner litigants in § 1983 cases." *Woodward v. Holtzman*, No. 16-CV-1023A(F), 2018 WL 5112406, at *2 (W.D.N.Y. Oct. 18, 2018). The record does not reflect that Defendants responded to Plaintiff's August 26, 2024 letter, which Plaintiff describes as his "good faith attempt to resolve the dispute with the Defendant before filing a motion to compel[.]" (Dkt. 49 at 3). As such, the Court finds Plaintiff has substantially complied with Rule 37(a)(1)

concerning this issue. *See Ergas v. Eastpoint Recovery Grp., Inc.,* No. 20-CV-333SK(F), 2021 WL 1711321, at *6 (W.D.N.Y. Apr. 30, 2021) (finding the defendant's efforts, "while somewhat abbreviated[,] nevertheless substantially complied with the prerequisites to motions to compel in accordance with Rule 37(a)(1)"); *U.S. v. Acquest Transit LLC*, 319 F.R.D. 83, 89 (W.D.N.Y. 2017) (declining to reject the defendant's motion to compel where the defendants substantially complied with Rule 37(a)(1)'s meet and confer requirement).

### III.  <u>Failure to Provide Properly Verified Responses to Interrogatories</u>

As explained above, although Defendants provided interrogatory responses subsequent to Plaintiff's filing of the instant motion to compel, Plaintiff maintains that those interrogatory responses are "evasive and/or incomplete in violation of Fed. R. Civ. Proc. 33." (Dkt. 57 at 5). As an initial matter, the Court finds that Defendants' interrogatory responses are incomplete, because they were not made under oath as required by Federal Rule of Civil Procedure 33(a)(3). *See Richard v. Dignean*, 332 F.R.D. 450, 457 (W.D.N.Y. 2019) ("The rule governing interrogatories provides . . . that each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing *under oath*.") (internal citations and quotation omitted and emphasis added).

"The oath requirement applicable to interrogatories has legal significance. Courts have routinely refused to consider interrogatories that do not comport with that mandate." *Steptoe v. City of Syracuse*, No. 5:09-CV-1132 NPM/DEP, 2011 WL 6012941 at * 5 (N.D.N.Y. Nov. 1, 2011) (collecting cases), *adopted*, 2011 WL 6012040

(N.D.N.Y. Nov. 30, 2011), *aff'd*, 513 F. App'x 8 (2d Cir. 2013); *see also Monclova v. City of N.Y.*, 726 F. App'x 83, 84 (2d Cir. 2018) ("None of [the plaintiff]'s interrogatories were sworn under oath. Therefore, the district court did not err in disregarding them."); *Cris v. Fareri*, No. 3:10CV1926(RNC), 2011 WL 13228490, at *1 (D. Conn. Dec. 13, 2011) ("Requiring a party to sign interrogatory responses under oath serves the critical purpose of ensuring that the responding party attests to the truth of the responses." (quotation omitted)).

Rule 33 "does not prescribe any particular form of verification." *Richard*, 332 F.R.D. at 457 (quoting *Zanowic v. Reno*, No. 97Civ.5292(JGK)(HBP), 2000 WL 1376251, at *5 (S.D.N.Y. Sept. 25, 2000)). "The courts that have addressed the issue of the form that an interrogatory oath must take appear to be in agreement that the oath requirement may be satisfied either by having the statement affirming the responses sworn to before a notary public or by providing a declaration pursuant to 28 U.S.C. § 1746." *Steptoe*, 2011 WL 6012941, at *4. Section 1746 provides that an unsworn matter may be treated as sworn, provided that it is "prove[n] by [an] unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated[.]" *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 488 (2d Cir. 2013) (quoting 28 U.S.C. § 1746) (emphasis omitted)). Declarations made "under penalty of perjury" that interrogatory responses are "true and correct" satisfy the oath requirement. *See Cris*, 2011 WL 13228490, at *1 ("The plaintiff must provide a proper oath attesting to the truth of his interrogatory responses served upon the defendant such as '[u]nder

penalties of perjury, I certify that the foregoing responses to interrogatories are true and correct.'").

In this case, Defendants' interrogatory responses are merely signed by defendant Timothy Carroll. (*See* Dkt. 56 at 3). Consequently, Defendants have failed to show their responses were made under oath as required by Rule 33. Defendants' interrogatory responses are therefore legally insufficient and must be re-submitted in compliance with Rule 33's oath requirement.

### IV. Failure to Properly Respond to Plaintiff's Interrogatories

The Court further agrees with Plaintiff that Defendants' interrogatory responses are substantively deficient. Rule 33 allows parties to serve interrogatories that relate to any matter that may be the subject of an inquiry under Rule 26(b). *See* Fed. R. Civ. P. 33(a)(1), (2). "Interrogatories, like other discovery devices, may inquire into any discoverable matter, including facts and contentions." *Richard*, 332 F.R.D. at 458–9. "In order to ensure that each interrogatory is answered 'separately' and 'fully,' the responding party is required 'to make an inquiry and obtain information to answer the interrogatories which would include obtaining the information to fully and completely answer the interrogatories. . . .'" *Carl v. Edwards*, No. CV 16-3863 (ADS) (AKT), 2017 WL 4271443, at *3 (E.D.N.Y. Sept. 25, 2017) (quoting *Upstate Shredding, LLC v. Ne. Ferrous, Inc.*, No. 3:12-CV-1015 (LEK/DEP), 2016 WL 865299, at *8 (N.D.N.Y. Mar. 2, 2016)); *see Zanowic*, 2000 WL 1376251, at *3 n.1 ("Plaintiff defends his limited response, in part, by claiming lack of knowledge. . . . In responding to interrogatories, however, a party is under a duty to make a reasonable inquiry

concerning the information sought in interrogatories, and a party's failure to describe his efforts to obtain the information sought by plaintiffs renders his responses insufficient."). A court may order that a party supplement its answers to interrogatories. *See* Fed. R. Civ. P. 26(e)(1)(B).

Rule 37 provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Such a failure exposes the defaulting party to the possibility of sanctions. *See* Fed R. Civ. P. 37(a)(5)(A). When a party's interrogatory has not been answered or an incomplete or evasive answer has been provided, that party may move for an order to compel the responding party to fully answer the interrogatory. *See* Fed. R. Civ. P. 37(a)(3)(B).

For the reasons that follow, the Court finds that most of Defendants' interrogatory responses fail to comply with the standards set forth in the Federal Rules of Civil Procedure.

### A. Interrogatory No. 1 of Set 1 of the July 2024 Interrogatories

Plaintiff's Interrogatory No. 1 of Set 1 of the July 2024 Interrogatories asks "who ordered that [Plaintiff] be removed from the Law Library along with the exact security reason why." (Dkt. 49 at 5). Defendants' response states that "[n]o singular individual removed Plaintiff" and that it was "a decision made through a process in keeping with facility rules and regulations." (Dkt. 56 at 1). This answer is incomplete. Plaintiff's question clearly seeks the name of the individual who decided that Plaintiff would be removed from his law library position. Even if, as Defendants

contend, more than one individual made this decision, Defendants' failure to name any such individuals renders their response insufficient. *See, e.g., Richard*, 332 F.R.D. at 460 (finding interrogatory response deficient where the plaintiff asked, "who trained you for the program committee chairman position[,]" and the defendant responded he "was trained by numerous different people.").

Furthermore, Defendants' response that Plaintiff's removal was "a decision made through a process in keeping with facility rules and regulations" (Dkt. 56 at 1) is vague and evasive, failing to properly respond to Plaintiff's interrogatory. *See* Fed. R. Civ. P. 37(a)(4). Defendants must identify the facility rules and regulations that purportedly established the process that led to Plaintiff's removal.

### B. Interrogatory No. 2 of Set 1 of the July 2024 Interrogatories

Plaintiff's Interrogatory No. 2 of Set 1 of the July 2024 Interrogatories asks "who initiated [his] unscheduled transfer" from Elmira to Green Haven, as well as "the exact reason why [he] needed to be transferred from Elmira." (Dkt. 49 at 5). Defendants' response that "the decision to transfer [Plaintiff] came from DOCCS Central Office" (Dkt. 56 at 1) is not a complete response. This interrogatory seeks the name of the individual or individuals who were involved in the decision to transfer Plaintiff from Elmira to Green Haven. Moreover, Defendants failed to respond at all to Plaintiff's request for the "reason why [he] needed to be transferred from Elmira." (Dkt. 49 at 5). Defendants accordingly must provide a supplemental response to this interrogatory.

### C. <u>Interrogatory No. 3 of Set 1 of the July 2024 Interrogatories</u>

Interrogatory No. 3 of Set 1 of the July 2024 Interrogatories requests that Defendants "[s]tate exactly (1) what information (OSI Investigator) Meyers had received, (2) from whom he had received such information, (3) what the results of his investigation were, and (4) if his investigation resulted in [his] having been transferred from Elmira on February 23, 2022." (Dkt. 49 at 6). In response, Defendants state that Meyers is a nonparty, and they do not know the answer to Plaintiff's question. (*See* Dkt. 56 at 2). This response is insufficient. The fact that Meyers is a nonparty does not relieve Defendants from their duty to make a reasonable inquiry to obtain information necessary to fully respond to Plaintiff's interrogatories. *See, e.g., Shim-Larkin v. City of New York*, No. 16-CV-6099 AJN KNF, 2018 WL 3187327 at *9 (S.D.N.Y. June 28, 2018), *objections overruled,* 2018 WL 4636839 (S.D.N.Y. Sept. 27, 2018); *Carl*, 2017 WL 4271443, at *3; *Upstate Shredding*, 2016 WL 865299, at *8; *Zanowic*, 2000 WL 1376251, at *3 n.1. Defendants detail no such efforts. Consequently, their response to Plaintiff's interrogatory fails to satisfy the applicable standard and must be supplemented.

### D. <u>Interrogatory No. 1 of Set 2 of the July 2024 Interrogatories</u>

Interrogatory No. 1 of Set 2 of the July 2024 Interrogatories requests the "exact security reason why [Keller] refused to let [Plaintiff] be restored back to the Law Library even though other clerks who had been removed from such for disciplinary reasons had been allowed to be reprogrammed back into the Law Library during this time." (Dkt. 49 at 7). Defendants responded that "Plaintiff was not returned to the

Law Library because of the nature of the allegations in his Misbehavior Report, which included conducting nefarious activities during his program in the library. Those activities impacted the safety and security of staff and the facility population." (Dkt. 56 at 2). The Court finds that this answer adequately addresses the question posed by Plaintiff's interrogatory.

Plaintiff argues that Defendants' response is inadequate because "no proof was ever presented about Plaintiff conducting any nefarious activities[.]" (Dkt. 57 at 3). This is a challenge to the merits of Defendants' position and not to the adequacy of their interrogatory response. It is not a basis for granting a motion to compel.

### E. Interrogatory No. 2(A) of Set 2 of the July 2024 Interrogatories

Interrogatory No. 2(A) of Set 2 of the July 2024 Interrogatories requests "the information [Defendants] received regarding an inmate in the Law Library illegally selling staff information." (Dkt. 49 at 7). In response, Defendants merely point Plaintiff to a previously produced "Misbehavior Report and Tier Hearing package" document. (Dkt. 56 at 2). "Answers to interrogatories that incorporate other documents by reference are strongly disfavored. Reference[s] to depositions, other answers to the interrogatories, other document production, the complaint itself, or any other documents are improper and thus unresponsive. In order for an answer to be adequate it must be a complete response to the interrogatory, specific as possible and not evasive." *Trueman*, 2010 WL 681341, at *3 (citations omitted); *see also Matalavage v. Sheriff of Niagara Cnty.*, No. 20-CV-1254SK(F), 2023 WL 2043865, at *8 (W.D.N.Y. Feb. 16, 2023) ("Because interrogatory responses may be used at trial

and, thus, are akin to testimony, they must be specifically answered by the party to whom they are directed and signed by such party under oath. Accordingly, Defendants' responses to Plaintiff's First Set of Interrogatories that cross-reference other responses are improper.") (citation omitted).

Further, Plaintiff asserts that "no information about an inmate illegally selling staff information was ever documented" in either the Misbehavior Report or the Tier Hearing package. (Dkt. 57 at 3-4). Plaintiff is entitled to have the specific information that Defendants contend responds to this interrogatory identified.

By merely referencing documents, Defendants have failed to appropriately respond to Plaintiff's interrogatory. This response must be supplemented.

### F.  Interrogatory No. 2(B) of Set 2 of the July 2024 Interrogatories

Interrogatory No. 2(B) of Set 2 of the July 2024 Interrogatories asks "why [fellow inmate] Meyers was not immediately sent to the long-term keeplock unit as [Plaintiff] had been, and why [Plaintiff] had been the only one accused of selling the employee information." (Dkt. 49 at 8). Defendants respond only that "[t]he case of each inmate is decided ba[sed] on the unique facts and circumstances surrounding that individual inmate" and assert that "Plaintiff is not entitled to receive information regarding the housing or discipline of other incarcerated individuals" (Dkt. 56 at 2).

The first sentence of this response is "a boilerplate answer [] no better than no response." *Trueman*, 2010 WL 681341, at *3. Additionally, contrary to Defendants' argument that "Plaintiff is not entitled to receive information regarding the housing

or discipline of other incarcerated individuals" (Dkt. 56 at 2), Plaintiff "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). The housing or discipline of the inmate identified in this interrogatory is plainly relevant to Plaintiff's retaliation claim. As Plaintiff correctly points out, his argument that he was retaliated against may be supported by evidence that Meyers engaged in similar conduct but did not face similar discipline, information that necessarily requires that Defendants discuss the discipline of other inmates. (*See* Dkt. 57 at 4). Thus, Defendants' response to this interrogatory is deficient and must be supplemented.

### G.      Interrogatory No. 1 of Set 1 of the August 2024 Interrogatories

Interrogatory No. 1 of Set 1 of the August 2024 Interrogatories inquires "why [Carroll] refused to let [Plaintiff] be restored back to the Law Library despite [his] various verbal complaints to [Carroll] about this." (Dkt. 49 at 11). Defendants respond that "Plaintiff was not returned to the Law Library because of the nature of the allegations in his Misbehavior Report, which included conducting nefarious activities during his program in the library. Those activities impacted the safety and security of staff and the facility population." (Dkt. 56 at 2-3). This response directly and adequately addresses Plaintiff's interrogatory. Plaintiff again argues that "no proof was ever presented about Plaintiff conducting any nefarious activities" (Dkt. 57 at 4), but that argument fails for the reasons previously discussed. The Court does not find supplementation of this response necessary.

      **H.**    <u>**Interrogatory No. 1 of Set 2 of the August 2024 Interrogatories**</u>

Interrogatory No. 1 of Set 2 of the August 2024 Interrogatories asks Defendants to "[s]tate exactly why [Plaintiff] needed to be immediately taken to the long term keep lock unit before a hearing even occurred despite no contraband having been found in [his] cell, especially considering that [he] only ended up being given a disciplinary sanction of 30 days keep lock." (Dkt. 49 at 11). Defendants' response states that "[t]he on duty Watch Commander placed Plaintiff in keep lock based upon the serious and significant charges of possessing contraband, unauthorized literature, and employee information. Plaintiff received due process of law regarding the charges during the Tier Hearing process." (Dkt. 56 at 3). This response comports with the applicable standards and answers Plaintiff's question.

Plaintiff's argument to the contrary lacks merit. Plaintiff states that "being placed in keeplock was not the issue since Plaintiff could have been kept in keeplock status in the cell he was in." (Dkt. 57 at 5). Plaintiff's disbelief of Defendants' answers is not a basis to compel. A response to an interrogatory cannot be challenged on the grounds that the substance of the response is false, unless the movant can prove the alleged falsity. *See Richard*, 332 F.R.D. at 459. Challenging the veracity of a party's response amounts to a credibility determination, which is not properly resolved in the context of a discovery motion. *See id*.

      **I.**    <u>**Interrogatory No. 2 of Set 2 of the August 2024 Interrogatories**</u>

Interrogatory No. 2 of Set 2 of the August 2024 Interrogatories asks Defendants to "[s]tate exactly why [Keller] refused to endorse the approval of

[Plaintiff's] Inmate Claim[.]" (Dkt. 49 at 11). Carroll responded that "[he] was not involved in processing Plaintiff's claim. The Security Supervisor is responsible for claims." (Dkt. 56 at 3). This is an inadequate response, particularly given that this interrogatory was expressly directed to Keller. Defendants were obligated to make a reasonable inquiry to obtain information necessary to fully respond to Plaintiff's interrogatory, which would include reviewing Plaintiff's inmate claim. *See, e.g.*, *Carl*, 2017 WL 4271443, at *3; *Upstate Shredding*, 2016 WL 865299, at *8; *Zanowic*, 2000 WL 1376251, at *3 n.1. Carroll supplied no reason to conclude that he was unable to do this, nor did he provide the identity of the Security Supervisor. *See Carl*, 2017 WL 4271443, at *3. It is well established that a "responding party must make an effort to answer with the information 'reasonably available to it [and] . . . is not excused from making its disclosure because it has not fully investigated the case. . . .'" *Trueman*, 2010 WL 681341, at *3 (quoting Fed. R. Civ. P. 26(a)(1)(E)). This response must be supplemented.

In sum, and for the reasons set forth above, the Court grants Plaintiff's motion to compel to the extent that Defendants must: (1) provide properly verified interrogatory response; and (2) supplement the substance of their response to all interrogatories except Interrogatory No. 1 of Set 2 of the July 2024 Interrogatories, Interrogatory No. 1 of Set 1 of the August 2024 Interrogatories, and Interrogatory No. 1 of Set 2 of the August 2024 Interrogatories.

However, because "an interrogatory pursuant to Rule 33 cannot request documents subject to a Rule 34(a) request," the Court declines to compel Defendants

to comply with the portions of Plaintiff's interrogatories seeking the production of documents. *Capaccio v. Zafuto*, No. 23-CV-540-JLS(F), 2025 WL 723207 at *7 (W.D.N.Y. Mar. 6, 2025); *see Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. Alcoa S.S. Co.*, No. 04 CIV. 4309 LAKJCF, 2006 WL 278131, at *3 (S.D.N.Y. Feb. 2, 2006) (use of interrogatories cannot substitute for Rule 34(a) document demands).

The Court modifies the Scheduling Order in this case (Dkt. 55) to reopen discovery for 30 days from entry of this Decision and Order solely for the limited purpose of permitting Defendants to supplement their interrogatory responses. Dispositive motions shall be filed within 60 days of entry of this Decision and Order.

## V. Request for Monetary Sanctions

Rule 37(a)(5)(A) provides that if a motion to compel is granted or if the "requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). It is well-settled that *pro se* litigants who are not attorneys are not entitled to attorney's fees. *See Kay v. Ehrler*, 499 U.S. 432, 435 & n.5 (1991) (collecting cases); *Hawkins v. 1115 Legal Serv. Care,* 163 F.3d 684, 694–95 (2d Cir.1998) (same) *Pro se* litigants may be entitled, however, to reimbursement of documented and reasonable litigation costs. *See, e.g.*, *Zalaski v. City of Hartford, Conn.*, 723 F.3d 382, 395 (2d Cir.2013); *Lozano v. Peace*, No. CV 05-0174(SJF)(ETB), 2005 WL 1629644, *2-3 (E.D.N.Y. 2005) (declining to grant request for costs where *pro se* plaintiff failed to demonstrate

any expenditures); *Jermosen v. Smith*, 733 F. Supp. 13, 14 (W.D.N.Y. 1990) (awarding reimbursement of photocopying expenses where request was supported by a detailed affidavit).

A motion for fees may be denied only where (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" (2) "the opposing party's nondisclosure, response, or objection was substantially justified; or" (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii); *see Hassoun v. Searls*, 524 F. Supp. 3d 101, 109 (W.D.N.Y. 2021) ("It is widely accepted that an award of expenses under Rule 37(a)(5)(A) is mandatory unless one of the three exceptions applies.") (cleaned up) (quoting *Wager v. G4S Secure Integration, LLC*, No. 1:19-CV-03547 MKV KNF, 2021 WL 293076, at *4 (S.D.N.Y. Jan. 28, 2021)).

If a motion to compel is granted in part and denied in part, "the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Courts in this Circuit have concluded that "Rule 37(a)(5)(C) effectively incorporates the substantive standards of Rule 37(a)(5)(A)[.]" *Rahman v. Smith & Wollensky Rest. Grp.*, No. 06CV6198, 2009 WL 2169762, at *2 n.1 (S.D.N.Y. July 21, 2009); *accord Alliance Indus., Inc. v. Longyear Holding, Inc.*, No. 08CV490S, 2010 WL 3991636 at *5 (W.D.N.Y. Oct. 12, 2010). Therefore, in determining whether to award expenses under Rule 37(a)(5)(C), courts must consider

the three exceptions listed under Rule 37(a)(5)(A). *See S.E.C. v. Yorkville Advisors, LLC*, No. 12 Civ. 7728(GBD)(HBP), 2015 WL 855796, at *6 (S.D.N.Y. Feb. 27, 2015).

To recover expenses under Rule 37(a)(5)(A), "the only requirements are that a party has made a motion for an order compelling disclosure or discovery and that the motion is granted." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, No. 13 Civ. 816 (WHP) (GWG), 2014 WL 12902178, at *1 (S.D.N.Y. June 5, 2014) (quotations and citation omitted). The prevailing party therefore "is presumptively entitled to an award of motion expenses . . . ." *Kregler v. City of New York*, No. 08 Civ. 6893(VM)(MHD), 2013 WL 1415228, at *2 (S.D.N.Y. Apr. 8, 2013). Thus, "[t]he burden is 'on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust.'" *White v. Larusch*, 532 F. Supp. 3d 122, 124 (W.D.N.Y. 2021) (quoting *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008)).

Given that the Court has granted Plaintiff's motion to compel, Defendants bear the burden of showing that Plaintiff is not entitled to reasonable expenses for bringing his motion. *White*, 532 F. Supp. 3d at 124. Defendants have failed to respond to Plaintiff's motion to compel, and have therefore failed to meet this burden. Thus, an award of costs and fees is warranted. *See, e.g., Richard v. Dignean*, No. 11-CV-6013W, 2017 WL 3083916 at *4 (W.D.N.Y. July 20, 2017) ("defendants should reimburse [the *pro se* plaintiff] for the reasonable costs, if any, he has incurred as a result of defendants' delayed discovery responses and the need to file a motion to

obtain them."). The Court will allow Plaintiff an opportunity to document his reasonable expenses, as set forth below.

However, the Court denies Plaintiff's request that he simply be awarded $500. (*See* Dkt. 49 at 3). Plaintiff has not demonstrated that such an award is warranted. Plaintiff must document his reasonable expenses in order to be compensated for them, as set forth above.

## CONCLUSION

For the foregoing reasons, the Court grants in part Plaintiff's motion to compel (Dkt. 49) pursuant to Federal Rule of Civil Procedure 37. Defendants are ordered to verify and supplement their responses to Plaintiff's interrogatories as set forth above no later than 30 days from entry of this Decision and Order. Dispositive motions, if any, shall be filed no later than 60 days from entry of this Decision and Order.

Plaintiff must submit a sworn affidavit detailing the reasonable expenses he incurred in litigating the portion of this motion that the Court has granted, accompanied by any documentation demonstrating his expenditures, no later than 30 days from this Decision and Order. Defendants will have 14 days upon the filing of Plaintiff's affidavit to submit a response, at which time the Court will take the matter under advisement.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:   Rochester, New York
         July 2, 2025