UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FREDERICK DIAZ,

                      Plaintiff,

-v-

JAMES F. DONAHUE, Superintendent,
*et al.*,

                      Defendants.

DECISION AND ORDER

6:22-CV-6559 CJS(CDH)

---

## INTRODUCTION

This is an action pursuant to 42 U.S.C. § 1983 in which Frederick Diaz ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), alleges that defendants, who are current or former employees of DOCCS, retaliated against him for filing inmate grievances, in violation of the First Amendment to the U.S. Constitution. On March 16, 2026, the Honorable Colleen D. Holland, United States Magistrate Judge ("Judge Holland"), issued a Decision and Order (ECF No. 75) addressing two motions filed by Plaintiff, a Motion to Compel (ECF No. 66) and a Motion for Sanctions (ECF No. 72). Now before the Court are Plaintiff's Objections (ECF No. 76) to that Decision and Order. For the reasons discussed below, the Objections are granted in part and denied in part.

## BACKGROUND

The reader is presumed to be familiar with the facts of this action and the submissions of the parties detailing their discovery disputes. Briefly, as set forth in the

1

"Background" section of Judge Holland's Decision and Order (ECF No. 75), to which recitation Plaintiff has not objected, and with some bracketed additions by the undersigned, the facts leading up to the issuance of that Decision and Order are as follows:

[On December 15, 2022, Plaintiff commenced this action, proceeding *pro se*. On March 13, 2023, the Court issued an Order, ECF No. 5, permitting one claim in the Complaint to proceed, namely, a claim that defendants Henry, Yehl, Keller, Donahue and Carroll, all of whom were employed by DOCCS at Elmira Correctional Facility ("Elmira"), retaliated against Plaintiff for filing inmate grievances. Regarding the alleged retaliatory actions, the Complaint alleges that defendant Henry retaliated against Plaintiff by having him fired from his job working in the prison law library. *See*, Order, ECF No. 5 at p. 10 ("[T]he Complaint alleges that Henry took adverse action against Plaintiff by having him removed from his law library job. Docket Item 1 at 11."). The Complaint also alleges that defendants retaliatorily transferred Plaintiff from Elmira to Green Haven Correctional Facility. *See, id.* at p. 12 ("Plaintiff asserts that Defendant Meyers inappropriately investigated him for having a relationship with a staff member in order to fabricate a reason for transferring Plaintiff as a favor to Defendants Donahue and Carroll.").]

On September 21, 2023, this matter was referred to Magistrate Judge Marian W. Payson [("Judge Payson")] for all pretrial matters, excluding dispositive motions. (Dkt. 19).

[On March 20, 2024, Judge Payson issued a Rule 16 Schedule Order (ECF No. 38), setting deadlines for discovery, discovery-related motions, and dispositive motions. Significantly, such Scheduling Order contained a paragraph imposing an obligation on Defendants to produce documents to Plaintiff which stated, in pertinent part:

> <u>Not later than May 1, 2024, defendants shall provide to plaintiff</u> the names of all persons who were present at, witnessed, or investigated the events from which the plaintiff's claims arose. <u>Defendants shall also provide to plaintiff</u> copies of <u>any documents</u> prepared by <u>any employee</u> of the State of New York, including the Inspector General, <u>in connection with the events from which the plaintiff's claims arose</u> including, <u>but not limited to</u>, the following:

> *Incident reports, intra departmental memoranda, use of force reports, photographs, videotapes, witness statements, misbehavior reports, medical treatment records (if release is properly authorized), and transcripts of disciplinary hearings.*

> If counsel for one or more defendants in good faith believes that production of any of the required documents may disrupt or interfere with prison discipline or procedures, such documents may be produced only to the Court. Furthermore, the defendants and their counsel may redact documents produced to protect the identity of confidential informants, but unredacted copies shall be retained for production to the Court upon request.

ECF No. 38 at pp. 1-2 (italics and underling added for emphasis). Defendants did not make any objection to this Order.]

On July 15, 2024, Plaintiff served two sets of interrogatories on Defendants (the "July 2024 Interrogatories"). (Dkt. 49 at 5-8). On August 26, 2024, Plaintiff served two additional sets of interrogatories on Defendants (the "August 2024 Interrogatories"). (*Id.* at 10-11). [Some of Plaintiff's interrogatories requested that Defendants provide supporting documents along with their responses.  Defendants did not respond to any of the interrogatories.]

On September 30, 2024, Plaintiff filed a motion to compel answers to his interrogatories and for monetary sanctions (the "September 2024 Motion"). (*Id.* at 3).

[On October 2, 2024, Judge Payson issued a Motion Scheduling Order, ECF No. 50, directing Defendants to file and serve any response to the Motion to Compel by October 18, 2024.  However, Defendants did not file a response to the Motion to Compel by that date, or at any subsequent time.]

On November 19, 2024, Judge Payson entered a Letter Order pursuant to which fact discovery closed on November 25, 2024, and motions to compel were due that same day. (Dkt. 55 at 1).

[On November 25, 2024, Defendants filed a purported response to Plaintiff's interrogatories, ECF No. 56, though without making any response to

Plaintiff's Motion to Compel. In response, on December 20, 2024, Plaintiff filed a reply to his Motion to Compel, ECF No. 57, arguing that such response was both late and inadequate.]

On January 7, 2025, the referral of this matter was reassigned to [Judge Holland]. (Dkt. 58).

On July 2, 2025, [Judge Holland] issued a Decision and Order (the "July 2025 Order") granting in part and denying in part Plaintiff's Motion [to Compel]. (Dkt. 65). Specifically, [Judge Holland] ordered that

> Defendants must: (1) provide properly verified interrogatory response[s]; and (2) supplement the substance of their response to all interrogatories except Interrogatory No. 1 of Set 2 of the July 2024 Interrogatories, Interrogatory No. 1 of Set 1 of the August 2024 Interrogatories, and Interrogatory No. 1 of Set 2 of the August 2024 Interrogatories.
>
> However, because an interrogatory pursuant to Rule 33 cannot request documents subject to a Rule 34(a) request, the Court declines to compel Defendants to comply with the portions of Plaintiff's interrogatories seeking the production of documents.

(*Id.* at 15-16 (quotation omitted)). [Judge Holland further] determined that "an award of costs and fees [wa]s warranted" and thus ordered Plaintiff to "submit a sworn affidavit detailing the reasonable expenses he incurred in litigating the portion of [the September 2024 Motion] that the Court ha[d] granted[.]" (*Id.* at 18-19). [Judge Holland] also reopened discovery for 30 days, "solely for the limited purpose of permitting Defendants to supplement their interrogatory responses." (*Id.* at 16).

On July 17, 2025, Plaintiff filed [what he described as a "letter motion to compel production of documents," ECF No. 66,] specifically requesting that [his prior,] September 2024 Motion [to Compel,] be treated as a request for production of [the documents he had requested in his interrogatories,] pursuant to Rule 34(a). (Dkt. 66 at 1). Plaintiff also submitted an affirmation detailing his reasonable expenses related to the September 2024 Motion. (*Id.* at 3).

On August 5, 2025, Defendants filed verified supplemental responses to Plaintiff's interrogatories. (Dkt. 70). On August 13, 2025, Defendants opposed Plaintiff's motion to compel [production of documents,] arguing it

4

was untimely [and] showed no good cause for the delay. (Dkt. 71 at ¶¶ 6-7). Defendants [did not respond] to Plaintiff's affirmation detailing his expenses.

On August 25, 2025, Plaintiff replied to Defendants' opposition to his motion to compel [production of documents]. (Dkt. 72 at 1- 2). Plaintiff's reply included a letter asserting that Defendants' supplemental responses were deficient and warranted sanctions. (*Id.* at 3-7). [Judge Holland] then issued a Text Order granting Defendants until October 6, 2025, to file a sur-reply to address Plaintiff's objections to their supplemental interrogatory responses. (Dkt. 73). Defendants did not file a sur-reply.

ECF No. 75 at pp. 2-3.

On March 16, 2026, Judge Holland issued the Decision and Order (ECF No. 75) that is the subject of Plaintiff's objections now before the Court. The Decision and Order addressed two separate applications from Plaintiff: His motion to compel production of documents (ECF No. 66); and the letter motion submitted with his reply (ECF No. 72), which asserted that Defendants' supplemental interrogatory responses were inadequate, and demanded an award of sanctions.

Judge Holland construed the first application (ECF No. 66) as a motion for reconsideration of her ruling (ECF No. 65) that Defendants were not required to provide Plaintiff with documents when responding to his interrogatories. Judge Holland denied the request, finding that reconsideration was not warranted, since Plaintiff's request for production of documents was based on New York State law that was not applicable in this action, and since Plaintiff had not shown either that her prior ruling was incorrect on the law or manifestly unjust. ECF No. 75 at pp. 5-6.

As for Plaintiff's second application, ECF No. 72, Judge Holland granted it in part, and denied it in part. Judge Holland partially granted the application, finding that Defendants were required to further supplement several of their supplemental

5

interrogatory responses, and that Plaintiff was entitled to an additional award of costs. However, Judge Holland denied the application insofar as it demanded that Defendants further supplement their responses to Plaintiff's July 2024 Interrogatories, Set 1, Number 1, and Set 2, Number 2(A), and that further sanctions be imposed.

Regarding the sufficiency of Defendants' supplemental response to Interrogatory 1, Judge Holland wrote:

> Plaintiff's Interrogatory No. 1 of Set 1 of the July 2024 Interrogatories asks "who ordered that [Plaintiff] be removed from the Law Library along with the exact security reason why." (Dkt. 49 at 5). The Court determined that Defendants' initial response was incomplete because it failed to name any individual who decided that Plaintiff would be removed from his law library position. (Dkt. 65 at 8-9). The Court also assessed that the response was vague and evasive because it failed to identify any rules or regulations that established the process leading to Plaintiff's removal. (*Id.*). Consequently, the Court ordered Defendants to supplement their response. (*Id.* at 9). Defendants' supplemental response says that "Deputy Superintendent for Security[] Keller[] had the ultimate authority to remove [Plaintiff] from his program position in the library" and that Plaintiff was removed from his position pursuant to "Directive 4932[.]" (Dkt. 70 at 1-2). This supplemental response, coupled with Defendants' original response, directly and adequately addresses Plaintiff's interrogatory.

ECF No. 75 at p. 9.  Regarding the sufficiency of Defendants' supplemental response to Interrogatory 2(A), Judge Holland wrote, in pertinent part:

> Interrogatory No. 2(A) of Set 2 of the July 2024 Interrogatories requests "the information [Defendants] received regarding an inmate in the Law Library illegally selling staff information." (Dkt. 49 at 7). The Court determined that Defendants' response was insufficient because it merely pointed Plaintiff to a previously produced "Misbehavior Report and Tier Hearing package" document. (Dkt. 65 at 11).
>
> Defendants' supplemental response says that the Misbehavior Report prepared by J. Morris states he conducted "a search ordered by Lt. Chapman" and that he "found a map of New York State, an employee roster and a folder containing prisoner action pamphlets in a personal drawer

assigned to [Plaintiff]." (Dkt. 70 at 3). Defendants go on to assert that Plaintiff was not charged with selling employee information but with possession of contraband, employee information, and unauthorized literature. (Id.).

The Court determines that Defendants' supplemental response is sufficient. Although Plaintiff is correct that Defendants again reference a Tier Hearing document (Dkt. 72 at 4), they also provided specific information that responds to this interrogatory (see Dkt. 65 at 11-12).

ECF No. 75 at pp. 12-13.

On April 1, 2026, Plaintiff filed the subject Objections (ECF No. 76) to Judge Holland's Decision and Order (ECF No. 75). Plaintiff first asserts that the Decision and Order erroneously and unfairly denied his request for production of documents included in his first three interrogatories served in July 2024, and that the Court should accordingly direct defendants to provide him with the following documents:

[All] documents which were required to be generated pursuant to Directive #4803 regarding [his] removal from the Law Library [job] on March 14, 2020.

[All] documents which were generated pertaining to the reasons concerning the transfer requested which was submitted by the Defendants, or Investigator Meyers, which led to [Plaintiff being] transfer[red] from Elmira [to Green Haven] on February 22, 20222.

[All] [documentary] information Investigator Meyers received against [Plaintiff], and his investigation pertaining to such, which led to [Plaintiff] being transferred from Elmira [to Green Haven] on February 22, 2022.

ECF No. 76 at p. 3.

Plaintiff further objects that Judge Holland's Decision and Order (ECF No. 75) erroneously declined to order Defendants to further supplement their responses to two of his July 2024 interrogatories, specifically, Interrogatory 1 and Interrogatory 2(A). Plaintiff maintains that Defendants' supplemental response to Interrogatory 1 is non-responsive,

7

since it, like the initial response, fails to identify the DOCCS employee who made the decision to remove him from his job at Elmira's law library. In their supplemental response to the interrogatory, Defendants state that, "Defendant Keller had the ultimate authority to remove Plaintiff from his position in the law library." Plaintiff maintains that while this may be a true statement, it does not answer his interrogatory, and merely states an obvious fact, namely, that Keller, as Deputy Superintendent of Security at Elmira, had *the authority* to remove Plaintiff from his job if he had wanted to do so. Plaintiff states, rather, that his interrogatory seeks the name of the person who actually requested his removal, stating, "In order for me to have been removed from the Law Library a staff member would have needed to request such along with the exact reasons why (pursuant to Directive #4803) . . . I need to be told exactly [who] ordered my removal from the Law Library [job], especially since my case pertains to a First Amendment retaliation claim." ECF No. 76 at p. 5.

Plaintiff additionally contends that Defendants' supplemental response to Interrogatory 2(A) is non-responsive, since it fails to disclose what information defendant Keller had received that purportedly led to Plaintiff being removed from his job at the law library. In that regard, the interrogatory, directed to defendant Keller, stated:

> 2. According to the May 19, 2020, memo you wrote to Superintendent Rich in regards to my numerous complaints to you about my having been removed from the law library and items which had been taken from my cell by the staff, you stated that, "My office received information that an inmate in the Law Library was illegally selling staff information, which led to the Law Library frisk and ultimately to the misbehavior report for inmate Diaz.
>
> A. State exactly what was the information your received regarding an inmate in the Law Library illegally selling staff information. In support of your answer produce the information you received.

8

ECF No. 49 at p. 7. Defendants' initial response to this interrogatory, which Judge Holland found to be inadequate, stated: "The information which was received is documented in the Misbehavior Report and Tier Hearing package which was provided to Plaintiff in discovery." Defendants' supplemental response stated:

> I direct Plaintiff to the Tier III Hearing Packet which contains all of the relevant information relied upon during his hearing. The Hearing Officer sets forth in detail the evidence he relied upon to render his decision including the Misbehavior Report prepared by J. Morris on December 20, 2029 [sic], which states while conducting a search ordered by Lt. chapman he found a map of New York State, an employee roster and a folder containing prison action pamphlets in a personal drawer assigned to Diaz. Morris testified at the hearing via telephone and Diaz had the right to question him during the hearing. Diaz was not charged with selling employee information. He was charged with possession of contraband (guilty), possession of employee personal information (guilty) and possession of unauthorized literature (not guilty).

ECF No. 70 at p. 3. Plaintiff maintains this answer is unresponsive, since it "did not actually provide any specific information which responded to [his] interrogatory." ECF No. 76 at p. 6.

Plaintiff's final objection to Judge Holland's Decision and Order (ECF No. 75) is that it erroneously fails to impose sanctions on Defendants, apart from ordering them to pay Plaintiff's out-of-pocket costs. Plaintiff contends that further sanctions are clearly warranted, since Defendants twice willfully failed to respond to his interrogatories. In particular, Plaintiff insists that Defendants' conduct should have resulted in Judge Holland sanctioning Defendants by ruling that the facts Plaintiff is trying to prove with his interrogatories must be "taken as established for purposes of the action," "pursuant to Rule 37(b)(2)(A)(i)." ECF No. 76 at p. 7.

## DISCUSSION

The subject objections by Plaintiff are to a non-dispositive Decision and Order by a Magistrate Judge, and are therefore governed by Fed. R. Civ. P. 72(a), which states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. *The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.*

Fed. R. Civ. P. 72 (emphasis added). This standard of review by the district judge is "highly deferential" to the magistrate judge's ruling, such that "[a] district court may reverse the order only if on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed." *Klosin v. E.I. du Pont de Nemours & Co.*, 561 F. Supp. 3d 343, 348 (W.D.N.Y. 2021) (citation omitted); *see also, United States v. Town of Oyster Bay*, No. 14CV2317GRBLGD, 2022 WL 4485154, at *2 (E.D.N.Y. Sept. 27, 2022) ("An order is clearly erroneous if, based on all the evidence, a reviewing court is left with the definite and firm conviction that a mistake has been committed. An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. Under this highly deferential standard, magistrate judges are afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused. Therefore, a party seeking to overturn a discovery order by a magistrate judge bears a heavy burden.") (citations and internal quotation marks omitted).

Applying this standard, the Court finds, first, that Plaintiff's objection to Judge Holland's Decision and Order denying his request to compel production of the documents referenced in his interrogatories must be sustained, although, not for the reasons he argues. In that regard, the Decision and Order's analysis of this issue is correct when viewed in isolation. However, the Decision and Order seemingly overlooks Judge Payson's Order (ECF No. 38), which, apparently taking into account that Plaintiff was a *pro se* prisoner, had already ordered Defendants to produce the documents Plaintiff later requested in his interrogatories. As noted earlier, Judge Payson's Order very clearly and broadly directed Defendants to produce

> *any documents prepared by any employee of the State of New York, including the Inspector General, in connection with the events from which the plaintiff's claims arose* including, but not limited to, the following: Incident reports, intra departmental memoranda, use of force reports, photographs, videotapes, witness statements, misbehavior reports, medical treatment records (if release is properly authorized), and transcripts of disciplinary hearings.

ECF No. 38 (emphasis added). This directive certainly encompasses the documents of which Plaintiff is seeking production.

Therefore, the documents Plaintiff requested in his interrogatories should have already been provided to him pursuant to Judge Payson's Order.[1] In sum, although Plaintiff was not entitled to production of the documents based solely on his interrogatory request, as Judge Holland found, he was nevertheless entitled to the documents, without even having to request them, based upon Judge Payson's Order. Consequently, this

---

[1] Indeed, pursuant to such Order, Defendants should have provided Plaintiff with such documents on or before May 1, 2024.

aspect of Plaintiff's objections is sustained, and Defendants are ordered to produce the documents referenced in Plaintiff's interrogatories.

The Court also sustains Plaintiff's objection to the Decision and Order insofar as it declined to order Defendants to further supplement their response to Plaintiff's interrogatory, Set 1, Number 1, requesting the name of the individual who made the decision to remove Plaintiff from his law library job. In this regard, the Court agrees with Plaintiff that Defendants' supplemental response is evasive and unresponsive, since it again fails to identify the person who actually made that decision.

Merely stating that "Defendant Keller had the ultimate authority to remove Plaintiff from his position in the law library" is not the same as saying that he actually made such decision. This distinction is significant here, since liability under Section 1983 is based on personal involvement in a constitutional violation. *See, Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016) ("A defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority. Rather, the personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (citations and internal quotation marks omitted), as amended (Feb. 24, 2016).

Defendants are therefore ordered to again supplement their response to this interrogatory by clearly identifying the person or persons who actually made the decision to remove Plaintiff from the law library position. Additionally, for the same reasons discussed above, Defendants are ordered to produce any documentation concerning that decision, which has not already been provided to Plaintiff. In this regard, the Court observes that in their first set of interrogatory responses, Defendants averred that Plaintiff

was removed from such position "through a process in keeping with facility rules and regulations," ECF No. 56 at p. 1, which was presumably documented.

The Court also sustains Plaintiff's objection to the Decision and Order insofar as it declined to order Defendants to further supplement their response to Plaintiff's (July 2024) interrogatory, Set 2, Number 2(A). In that regard, the interrogatory asks, "State exactly what information you received regarding an inmate in the law library illegally selling staff information." On this point, the Court notes that Plaintiff's Complaint in this action alleges that Elmira corrections staff falsely accused him of selling information about staff, to justify his retaliatory firing from the law library. See, e.g., ECF No. 1 at p. 5 (Alleging that Sergeant Sambroski "accused Plaintiff of selling the employee roster.").

In their supplemental response to the interrogatory, Defendants again merely point to a Tier Hearing packet involving disciplinary charges against Plaintiff that did *not* involve the sale of staff information. See, Defs. Supplemental Interrogatory Responses, ECF No. 70 at p. 3 ("Diaz was not charged with selling employee information."). Defendants' response implies that because Defendant was not charged with selling staff information, he is not entitled to know what information Defendants "received regarding an inmate in the law library illegally selling staff information." However, if Defendants had wanted to avoid answering the interrogatory on that basis, they should have raised the matter with Judge Holland. The issue now before the Court is whether Defendants' supplemental response is actually responsive to Plaintiff's interrogatory, and the Court finds that it clearly is not. Accordingly, this aspect of Plaintiff's objections is also sustained. Defendants are ordered to supplement their response to this interrogatory by answering the question that was asked.

However, the Court denies Plaintiff's remaining objection to Judge Holland's Decision and Order.  In particular, the Court finds no merit to Plaintiff's assertion that Judge Holland's decision not to impose additional sanctions on Defendants was clearly erroneous or contrary to law, insofar as it declined to order that the facts Plaintiff was trying to prove with his interrogatories would be "taken as established for purposes of the action," "pursuant to Rule 37(b)(2)(A)(i)." ECF No. 76 at p. 7.  It is well settled that courts have "wide discretion" when deciding whether to impose sanctions under Rule 37. *See, e.g., Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007) ("Rule 37(b) provides that a court may impose sanctions "as are just" on a party for disobedience of a discovery order. Fed.R.Civ.P. 37(b)(2). We have noted that district courts possess "wide discretion" in imposing sanctions under Rule 37.") (citation omitted).  Judge Holland, after accurately setting forth the applicable law, and after finding that Defendants had not obeyed her prior order, found that the type of severe sanction requested by Plaintiff was not warranted, stating, that, "while Defendants have failed to comply with their discovery obligations, the record does not support the conclusion that they have acted with the requisite culpability to justify the imposition of the harsh sanctions of preclusion or dismissal." ECF No. 75 at pp. 19-20.  On the record before it, the Court cannot say that this determination, or the decision to alternatively award Plaintiff his reasonable litigation expenses, was clearly erroneous or contrary to law.  Consequently, this aspect of Plaintiff's objections is denied.

CONCLUSION

Plaintiff's Objections (ECF No. 76) are granted in part and denied in part. Defendants are directed to provide Plaintiff with documents within the scope of Magistrate

Judge Payson's Order (ECF No. 38), including, but not limited to, any such documents requested in the three interrogatories referenced in Plaintiff's objections (July 2024 Interrogatories, Set 1, numbers 1-3).  Defendants are further directed to supplement their supplemental responses to Plaintiff's July 2024 Interrogatories, Set 1 No. 1, and Set 2 No. 2(A), as discussed above.  Plaintiff's objection is otherwise denied.  Pursuant to the Referral Order in this action (ECF Nos. 19 & 58), Judge Holland shall oversee Defendants' compliance with this Decision and Order.

SO ORDERED.

Dated: Rochester, New York
       April 10 , 2026

ENTER:

_____
CHARLES J. SIRAGUSA
United States District Judge

15